**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RENEE ANDERSON,

      Plaintiff,

      v.                                                       Case No. 19-2769-KHV-ADM

GMRI, INC.,

      Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Renee Anderson's Motion to Reopen Discovery and Reset Scheduling Order Deadlines. (ECF 68.) The motion is denied because Anderson has not identified any discovery she needs to obtain. As explained below, her briefing on the current motion refers only to medical records and information from her own medical providers. She does not need to resort to the formal discovery process via the Federal Rules of Civil Procedure to obtain this type of information. She has a legal right to obtain her own medical records. Therefore, there is no reason to reopen discovery so that she may obtain these documents—a significant portion of which it appears she already possesses. And Anderson has not identified any other proposed discovery that she needs additional time to obtain. Accordingly, Anderson's motion is denied.

## I.    BACKGROUND

This case arises from injuries Anderson allegedly sustained when a waitress spilled a hot plate of food on her. Defendant GMRI, Inc. ("GMRI") owns and operates the Olive Garden restaurant on Parallel Parkway in Kansas City, Kansas. (ECF 44, at 2.) Anderson contends that, in April of 2016, she had surgery on her right shoulder rotator cuff. She was still recovering

from that surgery two weeks later when she and her family went to the Olive Garden. While there, a waitress spilled a plate of hot food on her. Anderson contends that this incident caused further injuries to her shoulder. (*Id.* at 3.) She asserts a negligence claim against GMRI.

The court entered a scheduling order on February 19, 2020. It required the parties to participate in mediation by February 25 with their selected mediator, Sly James. (ECF 15, at 2.) On February 25, Anderson did not appear for mediation. Shortly thereafter, her attorneys withdrew from representing her, and the case stalled. (*See* ECF 31.) The court found Anderson culpable for the nonappearance, reasoning that she had fair notice of the mediation, led others to believe she planned to appear, and then simply elected not to do so. *See Anderson v. GMRI, Inc.*, No. 19-2769-KHV-ADM, 2020 WL 6262190, at *3 (D. Kan. Oct. 23, 2020) (sanctioning Anderson).

In the midst of Anderson's counsel's withdrawal, Anderson requested extensions of scheduling-order deadlines to give her time to secure replacement counsel. On April 23, the court convened a status conference to discuss revising the schedule to give her time to either secure replacement counsel or decide to proceed pro se. (ECF 36.) The court held the scheduling order in abeyance and set a second scheduling conference on May 20 so that Anderson could have time to hire a new attorney. But the court also cautioned the parties that it would not grant serial extensions while Anderson looked for replacement counsel. In the written order memorializing the status conference, the court cautioned the parties as follows:

> [F]or the reasons the court explained to the parties, the court will not be inclined to grant any further extensions of the schedule once the court enters an amended scheduling order following the scheduling conference on May 20, 2020. Plaintiff Renee Anderson is directed to furnish a copy of this order to any counsel she retains to represent her in this case. The court simply wishes to make sure that counsel is aware that, once the court amends the schedule in connection with the conference on May 20, 2020, the court will

> expect the parties to adhere to that schedule regardless of whether
> Ms. Anderson proceeds pro se or with retained counsel, and
> regardless of when any such retained counsel may enter their
> appearance in this case.

(ECF 36, at 1.)

By the reconvened scheduling conference on May 20, Anderson had not secured new counsel.  Nor did she appear at that conference.  Again, the court found Anderson was culpable for the nonappearance.  (*See* ECF 50 (withdrawn on unrelated grounds).)  But defense counsel represented that Anderson had agreed with the parties' proposed schedule, including the discovery deadline of August 21, and the court adopted that schedule.  (ECF 38, at 1, 3 (noting the court was adopting the parties' proposed schedule with only minor modifications).)  Thereafter, it appears that Anderson conducted little to no discovery while she allowed the August 21 discovery deadline to lapse.

On September 9, the court convened the final pretrial conference.  (ECF 42.)  Again, Anderson did not appear.  (ECF 44, at 1.)  And, again, the court found her culpable for her conduct.  (*See* ECF 50 (withdrawn on unrelated grounds).)  After her nonappearance at the pretrial conference, the court ordered her to show cause why the undersigned should not recommend that the district judge dismiss her case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (ECF 43, at 2.)  Anderson did not respond to the show-cause order.  The undersigned therefore issued a Report and Recommendation recommending that the district judge dismiss this case with prejudice because of Anderson's repeated nonappearances and noncompliance with court orders.  (ECF 50.)  By that point, it was unclear whether Anderson planned to move forward with her case.

Anderson subsequently filed what the court construed as a motion to reconsider the Report and Recommendation.  On November 19, the undersigned withdrew the Report and

Recommendation—not because Anderson's inaction was justifiable but because she had by then begun to participate in her case to some degree and the procedural posture of the case had changed.  (ECF 64, at 5.)  By then, GMRI's pending summary-judgment motion was ripe for disposition because Anderson had not responded to the motion.  (*Id.*)  Given the strong preference for allowing cases to be decided on their merits, the court granted Anderson's motion for reconsideration and withdrew the Report and Recommendation.

On November 25, the district judge ordered Anderson to show cause why the court should not grant GMRI's summary-judgment motion because Anderson had not responded to it. (ECF 65.)  On December 3, Anderson responded to the show-cause order and filed a belated response to the summary-judgment motion.  The following day, she filed the motion to reopen discovery that is now before the court.  (ECF 68.)  GMRI opposes the motion.

Anderson's motion seeks to reopen discovery so that she may secure counsel and obtain evidence that she contends is "critical to the success of her case."  (ECF 68, at 1-2.)  Anderson argues that "new evidence relevant to her case has surfaced that was not available at the time discovery closed."  (*Id.* at 1.)  Specifically, she references a written statement and medical records from Dr. Stephen Annest, who she contends continued to treat her after the discovery deadline.  She also references medical records from Dr. Ken Yamaguchi.  Anderson also states that she has spoken with "more than one attorney who stated they would be willing to consider representing her in this case if, and only if, discovery was reopened" so that counsel would have more time to prepare.  (*Id.* at 2.)  Because of this, she contends that she cannot secure replacement counsel unless the court resets the discovery deadline.

The court ordered Anderson to file a supplement to her motion that identifies the attorney she intends to retain and the specific discovery that attorney would request.  (ECF 70, at 1.)  The

court also ordered Anderson to submit by email the medical records referenced in her motion. Anderson timely filed the supplement and submitted portions of her medical records. But Anderson's supplement and reply brief do not identify any attorney. Even more problematic, they do not identify any discovery Anderson seeks beyond her own medical records and a letter from one of her physicians. She does not identify any other specific discovery requested.

## II.   DISCUSSION

Anderson advances essentially two grounds to reopen discovery: (1) to obtain her medical records, and (2) so that she can secure replacement counsel. The court addresses each of these grounds, in turn.

### A.   Anderson Does Not Need to Reopen Discovery to Gather Her Own Medical Records

Anderson requests that the court "reopen the discovery process so that newly acquired, highly relevant evidence can be introduced," but the only documents Anderson references are her own medical records and a letter from Dr. Annest. (ECF 68, at 3.) Anderson has a legal right to obtain her own medical records apart from the discovery process. *See, e.g.*, 45 C.F.R. § 164.524(a) (with certain limited exceptions, an individual has a right of access to her own protected health information). Therefore, she does not need to resort to court-sanctioned discovery via the Federal Rules of Civil Procedure to obtain her own medical records. In fact, it appears that she has largely already obtained her pertinent medical records. In response to the court's order that she supplement her motion, she submitted Dr. Annest's letter and portions of her medical records to the undersigned's chambers. Because she has not identified any specific

medical records or information beyond what she already possesses or has a legal right to obtain, it is not necessary for the court to reopen discovery so that she can obtain any such information.[1]

### B.      Anderson Has Not Identified Any Other Proposed Discovery That She Needs Additional Time to Obtain

Giving Anderson every opportunity to properly support her motion, the court directed her to identify the attorney she would retain and to specify the discovery the attorney would seek. But she did not provide this information in her supplemental brief.  Instead, she simply stated that "no specific attorney can be named" because "any attorney showing interest" apparently told Anderson that he or she would only represent Anderson if the court reopened discovery.  (ECF 72, at 3.)  Anderson therefore reasons that she "is unable to specifically state what items for discovery would be requested" but surmises that counsel would need "all relevant medical and witness testimony," any "additional information the attorney felt he or she would need," and expert discovery.  (ECF 72, at 3.)  In other words, Anderson has not identified any proposed discovery that she needs additional time to obtain.

A party moving to reopen discovery is expected to identify the information it now seeks but was unable to obtain during the discovery period.  *Compare Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 824 (11th Cir. 2009) (affirming district court's refusal to reopen discovery where plaintiff did not specify what information he was unable to obtain during discovery or how further discovery would have been helpful in resolving the issues), *with Cole v. Precision Aviation Controls*, No. 19-1295-KHV-KGG, 2020 WL 7353862, at *3 (D. Kan. Dec. 15, 2020) (considering motion to reopen discovery for the limited purpose of deposing three to four trial

---

[1] The court recognizes that it may be more likely that Anderson wants to introduce her medical records and/or Dr. Annest's letter in opposition to GMRI's summary judgment motion. If so, reopening discovery is not the appropriate procedural mechanism to ask for that relief.

witnesses); *Benjamin v. Bd. of Trustees of Barton Cty. Cmty. Coll.*, No. 17-2557-JAR, 2020 WL 4785107, at *2 (D. Kan. Aug. 18, 2020) (same, for the limited purpose of investigating material changes relating to plaintiff's subsequent employment).  This is because the legal standard to modify a scheduling order requires a showing of good cause, which generally means establishing that the deadline "cannot be reasonably met despite the diligence of the party seeking the extension."  FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment; s*ee also Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) ("In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." (citation and internal quotation marks)); *see also Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987) (listing factors the court may consider in determining whether to reopen discovery, including "whether the moving party was diligent in obtaining discovery within" the court's guidelines); *Little v. Budd Co.*, No. 16-4170-DDC-KGG, 2018 WL 836292, at *2 (D. Kan. Feb. 13, 2018) (finding the magistrate judge correctly applied Rule 16(b)(4)'s good-cause standard to defendant's motion for leave to add an expert after the scheduling-order deadline).  When a moving party does not identify the proposed discovery it seeks, the court has no way to evaluate whether that party could have obtained this unknown information with diligent efforts during the discovery period provided.

Here, Anderson's rationale that she wants the court to reopen discovery so that she can secure replacement counsel is based on a hypothetical premise using circular logic: If the court does not reopen discovery, Anderson may not be able to retain counsel, but because Anderson has not retained counsel, she has no idea what counsel would require.  This argument does not establish what additional relevant information that Anderson was not able to obtain during the regular discovery period.  Instead, it amounts to an argument that the court should reopen

discovery on the possibility that it might entice a prospective attorney to take Anderson's case. This is simply an inappropriate basis to reopen discovery because she has not identified any specific information that she requires through reopened discovery.  Therefore, she has not demonstrated good cause—*i.e.*, that she was diligent in obtaining the unidentified information.

Anderson's other arguments in support of her motion go to her allegedly hampered efforts to secure counsel.  These arguments do not bear on a motion to reopen discovery where the movant has not identified the additional discovery required.  But the court will nevertheless address them briefly to explain why they are unpersuasive.

For one, Anderson does not identify *any* prospective attorneys.  Not any attorney(s) she has consulted.  Not a group of attorneys from among which one or more might be willing to take her case.  Not one.  This contumacious disregard of the court's order directing her to identify the attorney she plans to retain undermines the credibility of her suggestion that her plan to retain an attorney is anything more than hypothetical.

Second, the court already extended discovery for the very reason Anderson now seeks to reopen discovery.  At Anderson's request, the court held the scheduling order in abeyance for a month last spring to give Anderson an opportunity to secure replacement counsel, forewarned her that time would be of the essence, and cautioned her that the court would "not be inclined to grant any further extensions of the schedule once the court enters an amended scheduling order following the scheduling conference on May 20, 2020 . . . regardless of whether Ms. Anderson proceeds pro se or with retained counsel."  (ECF 36, at 1.)  When the court convened the scheduling conference on May 20, Anderson had not secured replacement counsel nor did she appear.  But the court nevertheless gave the parties the full amount of time they requested for discovery, extending the discovery deadline to August 21.  This totaled more than six months for

8

discovery, which is longer than what the court would customarily allow for this type of case.[2] *See, e.g.*, *Bethscheider v. Westar Energy*, 820 F. App'x 749, 752 (10th Cir. 2020) (affirming denial of motion to reopen discovery after counsel withdrew, noting that prior counsel had over five months to conduct discovery, which was sufficient for an employment discrimination case).

Third, Anderson is responsible for her current predicament. Her prior counsel withdrew after Anderson failed to appear at court-ordered mediation, for which she was later sanctioned. Even then, Anderson had ample notice she would need to find new counsel. By her own account, her prior counsel told her on February 22 that the firm would be withdrawing from the case. (ECF 53, at 2.) If prospective unnamed attorneys now have concerns about discovery being closed, this would not have been an issue if Anderson had contacted them when she first learned she would need to find replacement counsel, or even months later when the court told her it would extend deadlines to accommodate new counsel.

Anderson gives other generalized reasons why she has yet to secure replacement counsel—the COVID pandemic, distracting pain and ongoing medical procedures, her inability to speak above a whisper, and being under the influence of prescription pain medications. But she does not tie any of these circumstances to a specific difficulty communicating with any prospective attorneys or any specific delay in obtaining relevant discovery. If anything, this is part of Anderson's history of perpetually neglecting her case until the court warns her that she faces dismissal. The same pattern played out when Anderson did not appear at the final pretrial conference, did not respond to the undersigned's show-cause order, and only acted after the undersigned recommended that the district judge dismiss this case with prejudice for lack of

---

[2] *See* District of Kansas Form Report of Parties' Planning Conference, http://ksd.uscourts.gov/index.php/forms/ (stating that discovery should typically be completed within four to six months).

prosecution.  It happened again with GMRI's summary judgment motion.  GMRI timely filed its motion on September 18, but Anderson did not respond on her own initiative.  Instead, she acted only after the district judge ordered Anderson to show cause why the motion should not be granted.  Only then did Anderson file the instant motion to reopen discovery.  The history of this case does not reflect genuine and ongoing efforts to prosecute.  It reflects inaction and the eleventh-hour attempts—usually at the prompting of the court—for Anderson to spring into action before her case is dismissed.  This does not demonstrate good cause to reopen discovery.

## III.    CONCLUSION

Anderson has not specified any discovery she would seek during a reopened period of discovery that she does not already possess or could not obtain on her own.  Because of this, there is no reason to reopen discovery.  Anderson's motion is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiff Renee Anderson's Motion to Reopen Discovery and Reset Scheduling Order Deadlines (ECF 68) is denied.

**IT IS SO ORDERED.**

Dated January 27, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
