## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RENEE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2769-KHV |
| | ) | |
| GMRI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Renee Anderson filed suit against GMRI, Inc. for personal injuries that she sustained when a server spilled hot food on her in its Olive Garden restaurant in Kansas City, Kansas. This matter is before the Court on GMRI's <u>Defendant GMRI, Inc.'s Motion For Summary Judgment</u> (Doc. #46) filed September 18, 2020. Plaintiff, who is proceeding pro se, did not timely oppose GMRI's motion for summary judgment. <u>See</u> D. Kan. R. 6(d). On November 25, 2020, the Court ordered that the parties show good cause in writing by December 4, 2020 why the Court should not grant GMRI's motion. <u>Order To Show Cause</u> (Doc. #65). On December 3, 2020, plaintiff filed both a <u>Response To The Order to Show Cause</u> (Doc. #66) and <u>Response To Motion For Summary Judgment</u> (Doc. #67). After careful consideration of those responses, for reasons stated below, the Court sustains defendant's motion.

## Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Hill v. Allstate Ins. Co.</u>, 479 F.3d 735,

740 (10th Cir. 2007).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  Liberty Lobby, 477 U.S. at 248.  A "genuine" factual dispute requires more than a mere scintilla of evidence in support of a party's position.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nahno-Lopez v. Houser, 62 5 F.3d 1279, 1283 (10th Cir. 2010).   Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof.   Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).  To carry this burden, the nonmoving party may not rest on the pleadings but must instead set forth specific facts supported by competent evidence.  Nahno-Lopez, 625 F.3d at 1283.

In applying these standards, the Court views the factual record in the light most favorable to the party opposing the motion for summary judgment.  Dewitt v. Sw. Bell Tel. Co., 845 F.3d 1299, 1306 (10th Cir. 2018).  The Court may grant summary judgment if the nonmoving party's evidence is merely colorable or not significantly probative.  Liberty Lobby, 477 U.S. at 250–51.  Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251–52.

## **Background**

GMRI owns and operates the Olive Garden restaurant on Parallel Parkway in Kansas City, Kansas.  Pretrial Order (Doc. #44) filed September 16, 2020 at 2.  On April 28, 2016, plaintiff was dining with her family at this restaurant.  At the time, plaintiff was recovering from surgery to her

right shoulder rotator cuff, which had taken place two weeks earlier on April 13, 2016.  At the table, a waitress spilled a plate of hot food on plaintiff, which allegedly caused plaintiff to harshly jerk her right arm and shoulder in an up-and-backward motion.  Plaintiff continued to hold up her right shoulder for about ten minutes while staff cleaned up the area.  Id. at 3–4.  Plaintiff asserts a negligence claim against GMRI, alleging that this incident re-injured her shoulder.

On February 19, 2020, Magistrate Judge Angel D. Mitchell entered a scheduling order that required the parties to participate in mediation by February 25.  Scheduling Order (Doc. #15).  Plaintiff did not appear for the mediation.  Shortly thereafter, her attorneys withdrew from representation, and the case stalled.  See Order (Doc. #31).

Plaintiff requested extensions of scheduling order deadlines to give her time to secure replacement counsel.  On April 23, Judge Mitchell held the scheduling order in abeyance and set a second scheduling conference for May 20 so that plaintiff could hire a new attorney.  See Order (Doc. #36).  Even so, Judge Mitchell cautioned the parties that the Court would not grant serial extensions while plaintiff looked for replacement counsel.  Id. at 1 ("[T]he court will expect the parties to adhere to that schedule regardless of whether Ms. Anderson proceeds pro se or with retained counsel, and regardless of when any such retained counsel may enter their appearance in this case.").

Plaintiff did not secure new counsel by May 20, 2020 or appear at the scheduling conference, and Judge Mitchell found that she was culpable for failing to appear.  See Report And Recommendations (Doc. #50) filed October 2, 2020 (withdrawn on unrelated grounds).  Defense counsel represented that plaintiff had agreed with the parties' proposed schedule, including the discovery deadline of August 21, and the Court adopted that schedule.  See Amended Scheduling Order (Doc. #38) filed May 20, 2020.  Plaintiff conducted little to no discovery, however, and

allowed the discovery deadline to lapse.

On September 9, Judge Mitchell convened the final pretrial conference (Doc. #42).  Again, plaintiff did not appear.   Pretrial Order (Doc. #44) at 1.  As a result, Judge Mitchell ordered plaintiff to show cause why she should not recommend that this Court dismiss her case for failure to prosecute under Federal Rule of Civil Procedure 41(b).  Notice And Order To Show Cause (Doc. #43) filed September 11, 2020 at 2.  Plaintiff did not respond.  Because plaintiff had repeatedly failed to appear and comply with court orders, Judge Mitchell recommended that the Court dismiss the case with prejudice.  Report And Recommendations (Doc. #50).  By that point, it was unclear whether plaintiff planned to move forward with her case.

On October 23, 2020, Judge Mitchell granted GMRI's motion for sanctions because plaintiff had failed to appear at the scheduled mediation in February.  See Memorandum And Order (Doc. #57).  Judge Mitchell found that plaintiff was culpable for her failure to appear, reasoning that she had fair notice of the mediation, led others to believe that she planned to appear and then simply elected not to do so.  See id.

Plaintiff filed an objection (Doc. #60), which Judge Mitchell construed as a motion to reconsider that report and recommendation.  On November 19, Judge Mitchell withdrew the report and recommendation—not because plaintiff had shown that her prior conduct was justified but because by then she had begun to participate in her case to some degree and the procedural posture of the case had changed.  Order (Doc. #64) at 5.  In the meantime, on September 18, 2020, GMRI had filed a motion for summary judgment, and it was ripe for disposition.  Id.  Given the strong preference for allowing cases to be decided on their merits, Judge Mitchell granted plaintiff's motion for reconsideration and withdrew her report and recommendation that the Court dismiss plaintiff's case with prejudice.

On November 25, this Court issued yet another order to show cause, directing plaintiff to show good cause by December 4, 2020 why the Court should not grant GMRI's motion for summary judgment because plaintiff had not responded to it. Order To Show Cause (Doc. #65). On December 3, some 55 days after the deadline to respond to GMRI's motion for summary judgment, plaintiff filed a Response To The Order to Show Cause (Doc. #66) and Response To Motion For Summary Judgment (Doc. #67).

On December 4, plaintiff filed a motion to reopen discovery to gather more evidence in support of her response to GMRI's motion for summary judgment. Motion To Reopen Discovery And Reset Scheduling Order (Doc. #68). Plaintiff wanted to reopen discovery (1) to obtain her medical records, which would help prove causation on her negligence claim, and (2) to secure replacement counsel. Id. at 1–2. Plaintiff argued that "new evidence relevant to her case has surfaced that was not available at the time discovery closed." Id. Specifically, she referenced medical records from Dr. Ken Yamaguchi and Dr. Stephen Annest, who allegedly continued to treat her after the discovery deadline. Judge Mitchell ordered plaintiff to identify the attorney she intended to retain and what specific discovery that attorney would request. Order (Doc. #70) at 1. Judge Mitchell also ordered plaintiff to submit by email the medical records referenced in her motion. Plaintiff timely filed the supplement and submitted portions of her medical records but did not identify any attorney or what discovery she sought.

On January 27, 2020, Judge Mitchell denied plaintiff's motion to reopen discovery because (1) plaintiff did not need to reopen discovery to gather her own medical records, which she has a legal right to obtain apart from the discovery process; (2) plaintiff did not identify any other discovery that she needed; and (3) plaintiff did not identify any prospective attorneys. See Memorandum And Order (Doc. #75). Judge Mitchell concluded that plaintiff had not

demonstrated "good cause—i.e., that she was diligent in obtaining the unidentified information."

Id. at 10.  She also concluded that "[t]he history of this case does not reflect genuine and ongoing

efforts to prosecute."  Id.

## Analysis

GMRI seeks summary judgment on plaintiff's negligence claim because (1) plaintiff did

not timely oppose summary judgment within 21 days and (2) even if the Court considers plaintiff's

response, plaintiff has not demonstrated a genuine issue of material fact whether its alleged

negligence was the proximate cause of her claimed injuries and damages.  GMRI's Response

(Doc. #71).

Plaintiff asserts that the Court should consider her untimely response for the same reasons

which she cited in her motion to reopen discovery: (1) she needs to reopen discovery and present

"new evidence supporting her claim;" (2) her case "has been prejudiced due to underrepresentation

from her previous lawyer" who withdrew in March of 2020; (3) she has experienced hardship

while proceeding pro se and recovering from her shoulder surgery in June of 2020; and

(4) allowing the case to continue does not prejudice GMRI.  Plaintiff Renee Anderson's Response

To Order To Show Cause And Objection To Defendant GMRI, Inc.'s Motion For Summary

Judgment (Doc. #66) filed December 3, 2020 at 2–3, 6.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition [to a motion for summary judgment]," the court

may, in its discretion, (1) defer considering a motion for summary judgment or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate

order.  Fed. R. Civ. P. 56(d); see also Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553–54

(10th Cir. 1993).  The general principle of Rule 56(d) is that summary judgment should be refused

where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.  Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000).

Rule 56(d) is not a license for a "fishing expedition," however, and the party invoking Rule 56(d) must explain by affidavit or declaration why she cannot present facts precluding summary judgment.  Price, 232 F.3d at 783; Lewis v. Ft. Collins, 903 F.2d 752, 758 (10th Cir. 1990).  The Tenth Circuit has held that a Rule 56(d) affidavit or declaration must satisfy four requirements: (1) identify the "probable facts not available," (2) explain why those facts "cannot be presented currently," (3) state "what steps have been taken to obtain these facts" and (4) explain "how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."  Price, 232 F.3d at 783; see also Valley Forge Ins., Co. v. Health Care Mgmt. Partners, 616 F.3d 1086, 1096 (10th Cir. 2010).  If the party filing the Rule 56(d) affidavit or declaration "has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted."  Jensen, 998 F.2d at 1554.

Plaintiff has not complied with Rule 56(d).  Even if plaintiff's responses to the Court's orders to show cause were construed as affidavits or declarations,[1] they have not shown "that, for specified reasons, [she] cannot present facts essential to justify [her] opposition," and they do not satisfy the Tenth Circuit's threshold requirements for relief under Rule 56(d).  Fed. R. Civ. P. 56(d); Price, 232 F.3d at 783.  Plaintiff claimed that she wanted to reopen discovery so she could properly present evidence that connected the spilled food to her shoulder re-injury.  Response To Motion For Summary Judgment (Doc. #67) at 2, 4–5.  Yet the only probable facts that plaintiff identified and claimed were unavailable were her own medical records, which have been in her

---

[1]       See Response To The Order To Show Cause (Doc. #66); Response To Order To Supplement Motion To Reopen Discovery And Reset The Scheduling Order And Submit Additional Records (Doc. #72); Reply To Response To Motion (Doc. #74).

possession.  See Memorandum And Order (Doc. #75).  Plaintiff has provided generalized reasons for her delays—the COVID pandemic, distracting pain, ongoing medical procedures, proceeding pro se—but she has not tied any of these circumstances to a specific difficulty communicating with the Court or obtaining facts essential to justify her opposition.  Further, plaintiff repeatedly has shown a lack of due diligence and a pattern of ignoring court deadlines.  See generally id. (plaintiff did not respond to order to show cause and did not appear at court-ordered mediation, scheduling conference or final pretrial conference).  This Court agrees that "[t]he history of this case does not reflect genuine and ongoing efforts to prosecute."  Id. at 10.

For substantially the reasons stated in Defendant GMRI, Inc.'s Memorandum In Support Of Motion For Summary Judgment (Doc. #47), the Court sustains defendant's motion.  Even if the Court were to consider plaintiff's response, summary judgment is nevertheless appropriate.  GMRI argues that as a matter of law, plaintiff cannot present sufficient evidence of causation.  To recover under a negligence theory, plaintiff must establish the following elements: (1) defendant had a duty of care, (2) it breached that duty, (3) plaintiff sustained injury and (4) a causal connection exists between the duty breached and the injury suffered.  Elstun v. Spangles, Inc., 289 Kan. 754, 757, 217 P.3d 450, 453 (2009).  GMRI asserts that (1) none of plaintiff's doctors found that she suffered any injury as a result of the incident at Olive Garden and (2) plaintiff did not present evidence that she re-injured her shoulder because of the incident at Olive Garden.  Defendant GMRI, Inc.'s Memorandum In Support Of Motion For Summary Judgment (Doc. #47) at 14–15.  In fact, plaintiff's doctors could not find any "structural abnormalities in the shoulder that [could contribute] to her current symptoms" or any identifiable neurological problems in her neck or head after the incident at Olive Garden.  Instead, they suspected that her reported pain was connected to an unrelated autoimmune disorder.  See, e.g., Orthopedics Records (Doc. #47-13) at

-8-

3.

On the causation issue, plaintiff claimed she wanted to reopen discovery so she could "properly present the evidence supporting her case" that connected the spilled food to her shoulder injury.  Plaintiff Renee Anderson's Response (Doc. #67) at 2, 4–5.  As explained above, Judge Mitchell denied plaintiff's belated request to reopen discovery on this issue, and plaintiff has not set forth specific facts on causation that are supported by competent evidence.  Nahno-Lopez, 625 F.3d at 1283.  Plaintiff therefore has not presented sufficient evidence to create a genuine issue of material fact whether GMRI's conduct caused her alleged injuries.  Accordingly, the Court sustains the motion for summary judgment of GMRI.

**IT IS THEREFORE ORDERED** that Defendant GMRI, Inc.'s Motion For Summary Judgment (Doc. #46) filed September 18, 2020 is **SUSTAINED**.

Dated this 22nd day of February, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge